In the matter of the account of ALBERT A. WILCOX, guardian of James Robertson, a minor, deceased.

[Filed January 27th, 1903.]

A testator, by his will, devised and bequeathed to six of his children, by name, all the residue of his estate expressly excluding one child, who had been previously provided for. A child was born to testator afterwards, and there was no provision in the will disinheriting an after-born child. The executors of the will paid to the guardian of one of the children his share of the residuum. The ward died while under age and without issue. The guardian having settled his account in the orphans court, was directed by that court to pay the amount remaining in his hands to seven of testator's children, including among them the child excluded by the provisions of the residuary clause, and the after-born child. The appeal from the order of distribution did not question the jurisdiction of the orphans court to make the order, but only claimed that it was erroneous in including in its terms the excluded child and the after-born child.—*Held*, (1) that the order cannot be supported on the ground that the distributees were the heirs-at-law and next of kin of the deceased infant, because, by the residuary clause, the interest of the infant, who died an infant and without issue, was thereby divested, and became vested in the survivors of the children therein named; (2) that the order was erroneous in including the child who had been excluded by the residuary disposition, on the ground that she was not, on a proper construction of that clause, one of the survivors intended by testator; (3) that the order was also erroneous in including the after-born child, on the ground that it must be presumed that she received her share of the testator's estate under the statute, before the executors distributed and paid over the shares of the other children.

---

The fifth item of the will of John Robertson, dated October 22d, 1891, was expressed in these words:

"*Fifth.* All the rest, residue and remainder of my estate, whether real or personal, and wheresoever situate, I give, devise and bequeath in equal portions, share and share alike, to my children, Matilda Robertson, Annie Robertson, James Robertson, John Robertson, Clarence Robertson and Leonard Robertson (my daughter, Mame Brickman, wife of Frederick Brickman, having been provided for during my lifetime, it is my will that she shall not have any further portion of my estate) to have and to hold to them, their heirs and assigns forever, the share or portion of any deceased child or children, dying without issue under twenty-one years of age to be divided equally among the survivors, and the issue of any deceased child or children to take his, her or their parent's share whether said parent or parents shall have arrived at the age of twenty-one years or not."

Wilcox's Case.

*Mr. James G. Blauvelt,* proctor of the appellants.

*Mr. Francis Scott,* proctor of Matilda Miller and Annie Hawkins.

*Mr. Wood McKee,* proctor of Mame Brickman and Sarah Robertson.

MAGIE, ORDINARY.

The appeal ·in this cause is from an order of distribution made on the 20th day of December, 1901, by the orphans court of Passaic county. The order recited that the account of Albert A. Wilcox, as guardian of James Robertson, a minor, deceased, had been passed and allowed by that court June 28th, 1900, and it directed that the balance in the hands of the guardian, appearing by that account (after payment of costs and certain counsel fees), should be distributed, in equal sums, to the minor's half-sister, Mame Brickman; his sisters Matilda Miller and Annie Hawkins, and his half-brothers and sister, Clarence Robertson, Leonard Robertson, John Robertson and Sarah Robertson, one-seventh to each.

The appellants are Wilcox, the guardian of the deceased minor, James Robertson; John Robertson, Clarence Robertson and Leonard Robertson, three infants, who appeared by said Wilcox, as their guardian, and James A. Graham and Emmons Fullerton, who are the surviving executors of John Robertson, deceased.

The appellants have not contested the jurisdiction of the orphans court to make the order of distribution in question. They only , claim that the order was erroneous in including among those entitled to distribution Mame Brickman and Sarah Robertson, who is also called Sarah J. Fullerton. The petition of appeal asserts that the fund in question should be divided between Matilda Miller, Annie Hawkins, Clarence Robertson, Leonard Robertson and John Robertson, one-fifth to each.

The order of distribution cannot be sustained on the theory upon which the orphans court seems to have put it. The order

declares that the parties to whom distribution is directed therein take the fund as heirs-at-law and next of kin of the intestate minor. Moneys in the hands of a guardian of a minor at his death do not pass to the heirs-at-law or next of kin, but to the representative of the minor. As the minor is incapable of making a valid testamentary disposition, the representative is necessarily an administrator. To him the guardian may safely pay the funds in his hands. After administration, what remains may then be distributed to those to whom the fund goes.

The order cannot be supported in its entirety unless the interest of James Robertson under the will was either not vested in him, or was, although originally vested, afterwards divested by the admitted fact that he died before he attained the age of twenty-one years and without issue.

That the provisions in the fifth item of the will, set forth in the prefatory statement, when properly construed, vested in James the share of the residue thereby disposed, will not support the order, if, by a consideration of the whole of those provisions, he was afterward divested of his interest upon the happening of the contingency specified.

The consideration of the language of the fifth item of the will leads me to the conclusion that the share allotted thereby to James became vested in him upon the death of the testator; but I think it equally clear that the testator intended that, upon the death of any of the children to whom a share was given by that item occurring under the age of twenty-one years and without issue, the share would be otherwise disposed of. Upon the happening of the double contingency, death without issue and under twenty-one years of age, the share was thereby divested in favor of such other of the children named in that item as fell within the description of *survivors*. The case is within the well-settled doctrines of our own cases. *Nevison* v. *Taylor, 3 Halst. 43; Van Houten* v. *Pennington, 4 Halst. Ch. 745; Crane* v. *Bolles, 4 Dick. Ch. Rep. 373.*

Nor is there any ground for the contention that the limitation over was restricted by the contingency of death, without issue, under twenty-one years, before the death of the testator. At the execution of the will James and other of the children were

infants. He was making a testamentary disposition in contemplation of his death. It must have been within his contemplation that his infant children might not attain the age of twenty-one years before he died. The period fixed must, therefore, be the attaining of that age, whenever that might happen. *Van Houten* v. *Pennington, ubi supra.*

This construction is strengthened and made conspicuously clear by the last clause of the item in question. The construction of that clause, in all its possible applications, is not drawn in question, but it plainly evinces the intention of the testator that, in the event of the death of any child under twenty-one years of age, leaving issue, such issue should become immediately vested with its parent's share, thus providing for the happening of one event of the double contingency previously dealt with.

It results that, on the death of James, the share passed by the will of his father, and the question is to whom it passed.

The sole contest raised by the appellants is to the right of Mame Brickman and Sarah J. Fullerton to any portion of the share.

The case discloses that Sarah J. Fullerton was a daughter of the testator, born to him after the execution of his will. At that time the testator had children. An examination of the will shows that it contains no provisions for the disinheriting of after-born children. If there was no settlement upon such after-born child, she became entitled to such portion of the parent's estate as she would have been entitled to if the parent had died intestate. *Gen. Stat. p. 3760 pl. 19.* The contribution required from devisees and legatees to make up the interest of such after-born child does not disturb the provisions of the will in other respects. *Wilson* v. *Fritts, 5 Stew. Eq. 59; Van Wickle* v. *Van Wickle, 14 Dick. Ch. Rep. 317.*

The case does not disclose how, or to what extent, Sarah J. Fullerton, the after-born child of John Robertson, has acquired the interest in her father's estate which devolved upon her under the act. But it is clear that she cannot enforce any claim upon the estate of the deceased infant in the accounting by Wilcox as guardian. It must be presumed that the fund the executors paid to the guardian represented James' share of the estate of

his father, after the after-born child had been provided for under the law. They could administer and pay over no more, for the will did not operate upon any of the estate of testator except what was left after satisfying the claims of the after-born child as heir-at-law and next of kin.

The order was clearly erroneous in including Sarah J. Fullerton as entitled to one portion of the fund in question.

The further contention is that the order was erroneous in including Mame Brickman as entitled to a portion of the fund. On her part it is argued that, as she is named in the fifth item of John Robertson's will, although no share is thereby given to her, the word "survivors" used by testator to express those to whom a share, the title to which became divested by the contingent limitation, should go, includes her. But I cannot assent to this contention. The provision is designed to dispose of a share previously bequeathed and devised. It cannot be construed to relate to the property which testator states he had previously given to Mame Brickman. The provision that, under a certain contingency, the share should go to issue, clearly shows that the testator's purpose was to provide for the shares that are given by that item. There is no language in the item capable of applying to the portion of testator's estate which had been previously given to Mame Brickman, and the testator could not, if he desired, impose any condition upon the portion thus previously given. It results that the survivors intended are those to whom the shares were thereby given, and the order was erroneous in including Mame Brickman as a distributee.

No attention has been paid to the question whether a guardian can properly pay the share thus limited over to the parties to whom it is limited directly, or whether the fund should first go to the executors of the testator and be distributed by them. No objection to a distribution by the guardian was made below, or has been made here. The surviving executors of the testator join in this appeal, which seems to indicate that they acquiesce in such order as was made, except in the particulars objected to by them, and it has been deemed to justify the consideration I have given to the matter upon the merits.

For the reasons above given the order must be reversed.